**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

**Case No.: 1:24-cv-03182**

KELSEY WILSON, individually and on behalf of all others similarly situated,

v.

GSK SOLUTIONS INC

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Kelsey Wilson brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2. Wilson and other hourly workers for GSK regularly worked in excess of 40 hours in a week.

3. GSK did not pay Wilson and these other workers the proper overtime rate for all of these hours.

4. Instead, GSK paid Wilson and workers like her at the same hourly rate for most, if not all, hours worked.

5. Even when GSK did pay Wilson and the other workers a premium for working certain hours, the premium was not calculated at 1.5x Wilson and the other workers' "regular rate." 29 U.S.C. § 207 (a), (e).

6. GSK's failure to pay overtime wages and of failing to calculate overtime based on employees' regular rates violates the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*

7. This action seeks to recover the unpaid wages and other damages owed by GSK to these workers, along with all remedies provided by federal

8. This collective action seeks to recover the unpaid wages and other damages owed to Wilson and other hourly workers at GSK.

## JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because GSK resides in this District.

## PARTIES

11. Plaintiff Kelsey Wilson is a natural person.

12. Wilson has been, at all relevant times, an employee of GSK.

13. Wilson was and is an hourly-paid employee of GSK.

14. Wilson has worked for GSK since November 2023.

15. Wilson seeks to represent a collective of similarly situated employees under 29 U.S.C. § 216(b) (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current or former hourly employees of GSK Solutions Inc who were not paid an overtime compensation rate taking into account all financial remuneration paid to the employee during the workweek, including but not limited to an employee's hourly rate and any alternate, higher compensation rate, shift differentials, and non-discretionary bonuses, at any point from three years prior to the date this Complaint is filed until judgment is entered.**

16. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

17. Defendant GSK Solutions Inc ("GSK") is a domestic corporation.

18. GSK may be served by service upon its registered agent, **Saikrishna Golla, 15742 Dawson Creek Dr., Monument, CO 80132**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

19. At all relevant times, GSK was an employer of Wilson within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, GSK was an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, GSK has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. During at least the last three years, GSK has had gross annual sales in excess of $500,000.

23. During at least the last three years, GSK was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

24. During at least the last three years, GSK has employed many workers, including Wilson and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

25. GSK employs many workers, including Wilson and the FLSA Collective members, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

26. The goods and materials handled, sold, or otherwise worked on by Wilson and other GSK employees and that have been moved in interstate commerce include, but are not limited to, medical equipment and supplies.

## FACTS

27. GSK provides IT and healthcare services.

28. Wilson has been an hourly employee of GSK.

29. GSK never paid Wilson a salary.

30. GSK never paid Wilson on a fee basis.

31. GSK paid Wilson by the hour.

32. Wilson reported the hours she worked to GSK on a regular basis.

33. Wilson's hours are reflected in GSK's records.

34. Wilson normally worked more than 40 hours in a week.

35. GSK did not pay Wilson an overtime premium for all hours worked in excess of 40 in a workweek.

36. Frequently, GSK paid Wilson at the same hourly rate for all hours worked in a workweek.

37. For example, for the week from June 16, 2024, to June 22, 2024, Wilson worked a total of 85.1 hours for GSK.

38. GSK paid Wilson at the same hourly rate of $54.00 per hour, for all 85.1 hours she worked during that period, including her overtime hours.

39. Thus, for that and other pay periods, GSK paid Wilson "straight time"—that is, her regular hourly rate—for all overtime hours she worked.

40. This "straight-time-for-overtime" payment scheme violates the FLSA.

41. On other occasions, GSK paid Wilson at other hourly rates that were less than 1.5x her regular rate.

42. Beginning October 2024, Wilson was paid at $57.00 per hour for hours worked up to and including 40 hours in a workweek.

43. But for hours in excess of 40 in a workweeks, Wilson was paid only $80.00 per hour, which is less than 1.5x her regular rate of pay.

44. For example, for the week from October 6, 2024, to October 12, 2024, Wilson worked a total of 42.9 hours for GSK.

45. GSK paid Wilson at the hourly rate of $57.00 per hour, for the first 40 hours she worked during that period.

46. For the 2.9 overtime hours Wilson worked during that period, Wilson was paid only $80.00 per hour, which is less than 1.5x her regular rate of pay.

47. Thus, during this and other pay periods, GSK paid overtime arbitrarily at the lower rate of $80 per hour, rather than based upon Wilson's regular rate.

48. As such, even when GSK paid Wilson what it called "overtime," it was clearly not at the rate required by the FLSA.

49. GSK's "overtime" rate was not based on all remuneration paid to Wilson, as required by the FLSA. 29 U.S.C. § 207(e).

50. GSK was aware of the overtime requirements of the FLSA.

51. GSK nonetheless failed to pay certain hourly employees, such as Wilson, overtime for all hours worked over 40 in a workweek.

52. GSK knew, or showed reckless disregard for whether, its policy of not calculating and paying overtime at the full, regular hourly rate violated the FLSA.

53. GSK's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

54. The illegal pay practices GSK imposed on Wilson were likewise imposed on the FLSA Collective members.

55. GSK employs many other workers who worked over 40 hours per week and were subject to GSK's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rate of pay.

56. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

57. Based on her experience and tenure with GSK, Wilson is aware that GSK's illegal practices were imposed on the FLSA Collective members.

58. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

59. These workers are similarly situated within the meaning of the FLSA.

60. GSK's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systemic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective members.

61. These similarly situated workers should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION–VIOLATIONS OF THE FLSA

62. Wilson incorporates all other allegations.

63. By failing to pay Wilson and the FLSA Collective members overtime at 1.5 times their regular rates, GSK violated the FLSA. 29 U.S.C. § 207(a).

64. GSK owes Wilson and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

65. GSK owes Wilson and the FLSA Collective members the difference between the rate actually paid for overtime, if any, and the proper overtime rate.

66. GSK knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay overtime compensation to Wilson and the FLSA Collective members.

67. Because GSK knew, or showed reckless disregard for whether, its pay practices violated the FLSA, GSK owes these wages for at least the past three years.

68. GSK's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

69. Because GSK's decision not to pay overtime was not made in good faith, GSK also owes Wilson and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

70. Wilson and the FLSA Collective members are entitled to their unpaid wages under the FLSA, including overtime wages in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

### RELIEF SOUGHT

Wilson prays for judgment against GSK as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order finding GSK liable for violations of federal wage laws with respect to Wilson and the FLSA Collective members;

    c.    For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Wilson and the FLSA Collective members;

    d.    For a judgment awarding attorneys' fees to Wilson and the FLSA Collective members;

    e.    For a judgment awarding costs of this action to Wilson and the FLSA Collective members;

    f.    For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Wilson and the FLSA Collective members; and

    b.    For all such other and further relief as may be necessary and appropriate.

Date: <u>Nov. 15, 2024</u>

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
CO Reg. # 53046
**PARMET PC**
2 Greenway, Ste. 250
Houston, TX 77046
phone 713 999 5200
matt@parmet.law

**Attorneys for Plaintiff**

### JURY DEMAND

Plaintiff demands a trial by jury on all issues.

*/s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**